[No. 5,821.]
## ESTATE OF RADOVICH.

WILL — CONSTRUCTION — LEGACIES. — R. died, leaving property — principally cash—in California, and also real estate in Nevada; and by his will, after making certain money legacies, directed his executors to deposit in some bank, or other secure place in San Francisco, all rents from the property in Nevada, and all the rents and profits derived from his estate, and that the same should be applied to the payment of an annuity to his mother, and to the education of certain nephews and nieces; and devised and bequeathed the residue of his estate to his nephews and nieces generally. *Held*, that the intention of the testator was, that the money legacies should look first to the California assets for payment, and that the proceeds of the Nevada property should, at least for the present, be reserved for the annuity and the education of the nephews and nieces.

APPEAL from an order refusing to direct the payment of a legacy, in the Probate Court of the City and County of San Francisco. MYRICK, J.

The facts are stated in the opinion.

*Geo. W. Tyler*, for Appellant.

*A. D. Splivalo*, for Defendant.

Department No. 2, MYRICK, J.:

This is an appeal from an order refusing to direct payment of a legacy. Testator made the following legacies: To his brother Biaggio Radovich, $1,000 ; his brother Antonio Radovich, $1,000, and two coffee-stands ; to his sister Angelica, $500 ; to his sister Annetta, $500 ; to Domingo Ghirardelli, $2,000, " to be by him expended and laid out for the education and welfare of my nephew Giovanni Radovich."

The will then contains the provisions:

" 9th. It is my desire, and I so order it, that my debtors be not pressed, but that they be allowed by my executors reasonable time wherein to pay what is due on my estate.

" 10th. It is my desire, and I so order it, that my executors deposit in some bank or other secure place in the City of San Francisco, all rents derived from the property I own in Virginia City, Nev., and all the rents and profits derived from my

estate, and that the same be applied by them in the manner hereinafter mentioned.

"11th. It is my desire, and I so order it, that out of the aforesaid rents and profits my executors shall send to my mother Marieta Radovich $75 every six months during her lifetime, for her maintenance.

"12th. It is my desire, and I so order it, that my executors shall give such education as they shall deem fit and proper to my nephews and nieces, children of Biaggio Radovich, and that all the expenses of said education be paid out of the rents and profits of my estate; and in the event that the same be not sufficient to meet said expenses, then I direct my executors to sell any portion of any real estate that may be necessary for the purpose.

"13th. After all the above gifts and bequests have been paid, after the annuities to my mother shall have ceased by her death, and after all the expenses of education of the children of my brother Biaggio shall have been paid, I give, devise, and bequeath the residue and remainder to my nephews and nieces, children of my brothers and sisters."

Said Ghirardelli and two others were named executors.

Testator died December 24th, 1869, leaving estate in this State, cash in the hands of said Ghirardelli, $10,564, and other property of the value of $2,850; real estate in Virginia City, Nev., under lease. From the Virginia City property the executors have received $15,878.50 rents, and $3,500 insurance of one building. From property in this State they have received $2,670.48; about $2,500 being from Ghirardelli, who has become bankrupt, and under agreement with the coexecutors, his debt is being paid by installments. By the account of the executors rendered April 5th, 1876, the balance of cash on hand was $9,741.49, consisting of the insurance money and rents from the Virginia City property. May 8th, 1876, an order was made for the payment of fifty per cent. of the money legacies, which was received by all the legatees except Antonio. The latter insists upon the payment of the whole legacy to him, with interest from December 24th, 1870, out of any moneys on hand; the executors claim that the insurance money should re-

main to erect a building in place of that which was burned, and that the rents are to remain, to be disposed of as provided in the tenth, eleventh, and twelfth clauses.

The Court below was of opinion, that the evident intention of the testator was, that the money legacies should look first to the California assets for payment, and that the proceeds of the Virginia City property, at least for the present, should be reserved for the annuity to the mother, and the education of the children of Biaggio. The Court continued in force the order to pay Antonio fifty per cent. of his legacy, and refused an order for further payment. We see no error in this.

Order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.